E-filed: August 8, 2014

Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: rkinas@swlaw.com
       bgriffith@swlaw.com
       cgianelloni@swlaw.com

*Attorneys for U.S. BANK NATIONAL ASSOCIATION, a National Banking Association Organized and Existing under the Laws of the United States of America, Not in Its Individual Capacity But Solely in its Capacity as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C6*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>TJ PLAZA, LLC,<br><br>            Debtor. | Case No. 14-11894-abl<br><br>Chapter 11<br><br>(Jointly Administered) |
| In re<br><br>DSWC, INC.,<br><br>            Debtor. | Case No. 14-11895-abl<br><br>Chapter 11<br><br>**OBJECTION TO CLAIMS OF TJP CREDIT, LLC AND DESERT LAKES APARTMENTS LP PURSUANT TO 11 U.S.C. § 502(A)** |

Pursuant to 11 U.S.C. § 502(a) and Federal Rules of Bankruptcy Procedure 3007 and 9014, U.S. BANK NATIONAL ASSOCIATION, a National Banking Association Organized and Existing under the Laws of the United States of America, Not in Its Individual Capacity But Solely in its Capacity as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C6 ("Secured Creditor" or "Lender"), by and through its counsel, Snell & Wilmer L.L.P., hereby submits its Objection ("Objection") to the claims of TJP Credit, LLC ("TJP Credit") and Desert Lakes

19871970

Apartments LP ("Desert Lakes"), in the above-captioned Chapter 11 bankruptcy case of TJ Plaza, LLC and DSWC, Inc. (the "Debtors").

This Objection is supported by the accompanying Memorandum of Points and Authorities, all pleadings and papers of record, and any oral argument the Court may entertain.

DATED this 8th day of August 2014.

SNELL & WILMER L.L.P.

By: /s/ 
Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for U.S. BANK NATIONAL ASSOCIATION, a National Banking Association Organized and Existing under the Laws of the United States of America, Not in Its Individual Capacity But Solely in its Capacity as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C6*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In their statements and schedules, the Debtors list $65,000 owing to Desert Lakes (the "Desert Lakes Claim") and $650,000 owing to TJP Credit (the "TJP Credit Claim," and together with the Desert Lakes Claim, the "Claims"). *See* Voluntary Petitions, [Docket No. 1] in bankruptcy case nos. 14-11894-abl and 14-11895-abl. These amounts owing are allegedly due to unsecured loans made pre-petition by Desert Lakes and TJP Credit. However, these loans were not made to the Debtors, but instead were made to TJP, LP, the owner of Debtor TJ Plaza. It is a general principal of contract law that only the party obligated on the contract is liable for the same: "the obligation of contracts is limited to the parties making them, and, ordinarily, only those who are parties to contracts are liable for their breach. Parties to a contract cannot thereby impose any liability on one who, under its terms, is a stranger to the contract, and, in any event,

- 2 -

19871970

in order to bind a third person contractually, an expression of assent by such person is necessary." *Liu v. JHK Inv. Group*, 2011 WL 9527520 (Nev. 2011) quoting *Gambles v. Perdue*, 572 P.2d 1241, 1243 (Mont. 1977). As such, Lender respectfully requests that the Court disallow these Claims as they are not obligations of the Debtors, but instead are obligations of TJP, LP.

## II.    JURISDICTION

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and is a matter governed by Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure.

## III.    ARGUMENT

A scheduled, undisputed, non-liquidated claim is "deemed allowed" under Section 502(a), *unless a party in interest objects*. 11 U.S.C. 502(a); Federal Rules of Bankruptcy Procedure 3001(f); *see also In re Dynamic Brokers, Inc.*, 293 B.R. 489, 495 (9th Cir. 2003). Upon objection, the claim provides only "some evidence as to its validity and amount." *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000) (citing *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)).

A filed proof of claim is not a prerequisite to argument for disallowance under Section 502(a). *See MicroAge*, 291 B.R. at 508 ("there is no introductory language in § 502 that limits the application of the subsections that follow to claims for which proofs of claim must be filed…"); *see also* Fed. R. Bankr. P. 3003(b)(1) (stating that schedules and statements filed in a Chapter 11 case constitute prima facie evidence of the validity and amounts of claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated).

Lender objects to the Claims on the grounds that Desert Lakes and TJP Credit do not hold claims against either Debtor.

///

///

- 3 -

19871970

### A.   Lender has Standing to Object to the Desert Lakes Claim and TJP Credit Claim.

Lender is a secured creditor and has standing to object to the Claims pursuant to Section 502(a) and Federal Rule of Bankruptcy Procedure 3007. Lender has a valid, perfected, first priority security interest in and to among other things, real and personal property which relates to a retail center located in Clark County, Nevada (hereinafter, the "Property"). *See Declaration of Melisa Vis in Support of Secured Creditor's Opposition to Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 361, 363, 364, and 506, and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure for Entry of Interim and Final Orders (a)(I) Authorizing the Use of Cash, Including Cash Collateral, and (II) Granting Related Relief, and (B) Scheduling a Final Hearing* [Docket No. 39] ("Declaration"), at ¶¶ 3-8. Lender was granted the security interest discussed in the Declaration in connection with a multi-million dollar loan made to the Debtors. *Id.* True and correct copies of the Loan Documents are attached to the Declaration. On March 21, 2014 (the "Petition Date"), the Debtor filed its Chapter 11 petition.

### B.   Desert Lakes and TJP Credit do not have Claims Against the Debtors.

Desert Lakes and TJP Credit do not have claims against either Debtor. The United States Supreme Court has declared that, "it goes without saying that a contract cannot bind a nonparty." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294, 122 S. Ct. 754, 764, 151 L. Ed. 2d 755 (2002). Accordingly, Nevada courts have adopted the U.S. Supreme Court's ruling in regard to contractual nonparties. *Transp. Servs. Auth. of Nevada v. Garijo*, 281 P.3d 1225 (Nev. 2009) ("a nonparty cannot be held to the obligations of a contract").

There is a general principal of contract law "so fundamental that it rarely receives mention in case law or commentary, namely, that only parties to contracts are liable for their breach." *Liu v. JHK Inv. Group*, 2011 WL 9527520 (Nev. 2011) quoting *FCM Group, Inc. v. Miller*, 17 A.3d 40, 54 (Conn. 2011). "[T]he obligation of contracts is limited to the parties making them, and, ordinarily, only those who are parties to contracts are liable for their breach. Parties to a contract cannot thereby impose any liability on one who, under its terms, is a stranger to the contract, and, in any event, in order to bind a third person contractually, an

19871970

expression of assent by such person is necessary." *Liu v. JHK Inv. Group*, 2011 WL 9527520 (Nev. 2011) quoting *Gambles v. Perdue,* 572 P.2d 1241, 1243 (Mont. 1977). "[I]t is elementary law that a contract binds no one but the contracting parties." *Id.*

In their statements and schedules, the Debtors list $65,000 owing to Desert Lakes and $650,000 owing to TJP Credit. *See* Voluntary Petitions, [Docket No. 1] in bankruptcy case nos. 14-11894-abl and 14-11895-abl. These are presumably on account of pre-petition unsecured loans made by Desert Lakes and TJP Credit to the Debtors. But the Debtors are not the obligors here. These loans were not made to the Debtors but rather to TJP, LP. The "Note Straight" evidencing the loan from Desert Lakes is between TJP, LP and Desert Lakes (the "Desert Lakes Note"). A true and correct copy of the Desert Lakes Note is attached hereto as **Exhibit 1**. Likewise, the Unsecured Note from TJP Credit is a loan to TJP, LP (the "TJP Credit Note"). A true and correct copy of the TJP Credit Note is attached hereto as **Exhibit 2**.

Put simply here, neither Desert Lakes nor TJP Credit has a contract with the Debtors. Instead, pursuant to the Desert Lakes Note, the borrower for the unsecured loan was TJP, LP. *Exhibit 1*. The borrower for the TJP Credit Note was also TJP, LP. *Exhibit 2*. There is no reason why Debtors, non-parties to the Desert Lakes Note and TJP Credit Note, are obligated to perform on behalf of TJP, LP. These "Claims" should be disallowed.

## IV. RESERVATION OF RIGHTS

Lender expressly reserves the right to amend, modify or supplement this Objection and to file additional objections to the Desert Lakes Claim or TJP Credit Claim or any other claim (whether filed or not) that has been or which may be asserted against the Debtors by or which was scheduled by the Debtors.

///

///

///

///

///

19871970

## V. CONCLUSION

WHEREFORE, Lender respectfully requests that the Court enter an Order sustaining this Objection and disallowing the claims of Desert Lakes and TJP Credit, and granting such further and additional relief as the Court deems just and proper.

DATED this 8th day of August 2014.

SNELL & WILMER L.L.P.

By: _____
Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for U.S. BANK NATIONAL ASSOCIATION, a National Banking Association Organized and Existing under the Laws of the United States of America, Not in Its Individual Capacity But Solely in its Capacity as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C6*

# EXHIBIT 1

# EXHIBIT 1

EXHIBIT
5
6-19-14   SR

## NOTE - STRAIGHT

$65,000.00          Las Vegas, Nevada          January 9, 2012

after date, for value received, the undersigned maker(s) promise(s) to pay to Desert Lakes Apartments, a California Limited Partnership, at 3275 S. Jones Blvd #105, Las Vegas, NV 89146 the sum of Sixty five thousand and no/100 dollars ($65,000.00) with interest from January 12, 2012 on the unpaid principal at the rate of Twelve per cent (12%) per annum, payable interest only monthly payments of Six hundred fifty and no/100 dollars ($650.00).

    Should interest not be paid when due, it shall thereafter bear like interest as the principal. Should default be made in payment of interest when due, the whole sum of principal and accrued interest shall become immediately due, without notice, at the option of the holder of this note. Interest after maturity will accrue at the rate indicated above. Principal and interest are payable in lawful money of the United States. Each maker will be jointly and severally liable and consents to renewals, replacements and extensions of time for payment hereof before, at or after maturity, and waives presentment, demand and protest and the right to assert any statute of limitations. If any action be instituted on this note, the undersigned promise(s) to pay such sum as the Court may fix as attorney's fees.

TJP, a Nevada Limited Partnership

By: LJM, LLC
Jeff Susa Managing Member

TJP
000017

# EXHIBIT 2

# EXHIBIT 2

# UNSECURED NOTE

## LAS VEGAS, NEVADA

**$650,000.00 USD**

   FOR VALUE RECEIVED, **TJP, A NEVADA LIMITED PARTNERSHIP** (referred to herein as "Borrower") promises to pay to the order of **TJP CREDIT, LLC** (referred to herein as "Lender"), or his successors or assigns in lawful money of the United States of America as follows:

1. **BORROWER'S PROMISE TO PAY**
  Borrower promises to pay U.S. $650,000.00 (this amount called "Principal"), to the order of Lender. Borrower will make all payments under this Note in the form of cash, check or money order. Borrower understands that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
  Interest at a rate of **twelve percent (12%)** per annum will be charged on the unpaid Principal until the full amount of Principal has been paid.

3. **AMOUNT, TIME AND PLACE OF PAYMENTS**
  Borrower will pay monthly Interest only payments in the amount of **$6,500.00**. Borrower will make its monthly payment on the **1st day of each month** beginning on **March 1, 2011**. Each monthly payment will be applied as of its scheduled due date and will be applied to Interest before Principal. Borrower will make its monthly payments at <u>3275 South Jones Blvd., #105, Las Vegas, Nevada 89146</u>, or at a different place if required by the Note Holder. A balloon payment of any and all remaining unpaid portions of the Principal and Interest shall be due on **April 1, 2014** ("Maturity Date"). Time is of the essence with respect to all provisions of this Note.

4. **BORROWER'S RIGHT TO PREPAY**
  Borrower has the right to make Pre-payments of Principal at any time before they are due. When Borrower makes a Pre-payment, Borrower will notify the Note Holder in writing that it is making a Pre-payment. Borrower may not designate a payment as a Pre-payment if it has not made all the monthly payments due under the Note. Borrower may make a full Pre-payment or partial Pre-payments without paying a Pre-payment charge. The Note Holder will use Borrower's Pre-payments to reduce the amount of Principal that Borrower owes under this Note.

5. **BORROWER'S FAILURE TO PAY AS REQUIRED**
  (A) **Late Charge for Overdue Payments**
  If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen (15)** calendar days after the date it is due, Borrower will pay a late charge to the Note Holder. The amount of the charge will be **Five Percent (5%)** of its overdue payment. Borrower will pay this late charge promptly but only once on each late payment.

1

Initials _____

### (B) Default

Borrower understands and agrees that Borrower shall be in default under this Note, without limitation, upon the happening of any of the following events, circumstances or conditions, namely:

(i) If Borrower does not pay the full amount of each monthly payment or other monies due herein on the date they are due;

(ii) Insolvency (however evidenced) or the commission of an act of insolvency by Borrower;

(iii) The filing of any petition or the commencement of any proceeding by or against Borrower for any relief under any bankruptcy or insolvency laws, or any laws relating to the relief of Borrower's readjustment of indebtedness, reorganizations, compositions, or extensions;

(iv) Any warranty, representation or statement made or furnished to Lender by or on behalf of Borrower, in connection with this Note, or to induce Lender to accept said Note, proving to have been false in any material respect when made or furnished;

(v) Upon the entry of any other monetary judgment or the assessment and/or filing of any tax lien against Borrower, or upon the issuance of any writ of garnishment or attachment against any property of, debts due or rights of Borrower, to specifically include commencement of any action or proceeding to seize monies belonging to Borrower; or

(vi) If Note Holder should otherwise deem itself, or this debt unsafe or unsecured, or should Note Holder, in good faith, believe that the prospect of payment or other performance by Borrower is impaired.

### (C) Notice of Default; Acceleration Clause

If Borrower is in default, the Note Holder shall send Borrower a written notice notifying Borrower that if it does not pay the overdue amount plus any applicable late charges by a certain date, or cure any non-monetary default by a certain date, the Note Holder may require Borrower to pay immediately the full amount of Principal which has not been paid. That date must be at least ten (10) days after the date on which the notice is mailed to Borrower or delivered by other means. Note Holder shall also exercise any other right or remedy available hereunder, or at law or in equity.

### (D) No Waiver By Note Holder

Even if, at a time when Borrower is in default, the Note Holder does not require Borrower to pay immediately in full as described above, the Note Holder will still have the right to do so if Borrower is in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

Note Holder will have the right to be paid back by Borrower for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include without limitation, for example, reasonable attorney's fees and costs.

2    Initials ____

6. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at 3275 South Jones Blvd., #105, Las Vegas, Nevada 89146 or at a different address if Borrower gives the Note Holder a notice of Borrower's different address. Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at 3275 South Jones Blvd., #105, Las Vegas, Nevada 89146 or at a different address if Borrower is given a notice of that different address.

7. **CHARGES**

If a law, which applies to this Note and which sets maximum interest and/or Note charges, is finally interpreted so that the interest or other Note charges collected or to be collected in connection with this payment obligation exceed the permitted limits, then: (a) any such charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. The Note Holder may choose to make this refund by reducing the Principal Borrower owes under this Note or by making a direct payment to Borrower. If a refund reduces the Principal, the reduction will be treated as a partial Pre-payment.

8. **NO ORAL CHANGE**

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Note Holder, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

9. **APPLICABLE LAW**

This Note shall be deemed to be a contract entered into pursuant to the laws of the State of Nevada and shall in all respects be governed, construed, applied and enforced in Clark County, Nevada and in accordance with the laws of the State of Nevada.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

BORROWER:

TJP, A NEVADA LIMITED PARTNERSHIP

GENERAL PARTNER:

LJM, LLC, a Nevada limited liability company

By: _____
JEFF SUSA, Managing Member

3

Initials _____