**REDACTED VERSION**

E-filed: August 25, 2014

Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
       bgriffith@swlaw.com
       cgianelloni@swlaw.com

*Attorneys for U.S. BANK NATIONAL ASSOCIATION, a National Banking Association Organized and Existing under the Laws of the United States of America, Not in Its Individual Capacity But Solely in its Capacity as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C6*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>TJ PLAZA, LLC,<br><br>        Debtor. | Case No. 14-11894-abl<br><br>Chapter 11<br><br>(Jointly Administered) |
| In re<br><br>DSWC, INC.,<br><br>        Debtor. | Case No. 14-11895-abl<br><br>Chapter 11<br><br>**MOTION TO DISALLOW TJP CREDIT, LLC AND DESERT LAKES APARTMENTS, LP TO VOTE ON PLAN OF REORGANIZATION**<br><br>**Hearing Date:** September 24, 2014<br><br>**Hearing Time:** 1:30 p.m.<br><br>**Hearing Location:**<br>    United States Bankruptcy Court<br>    Foley Federal Building, Courtroom No. 1<br>    300 Las Vegas Blvd South, Third Floor<br>    Las Vegas, Nevada 89101 |

19961998

U.S. BANK NATIONAL ASSOCIATION, a National Banking Association Organized and Existing under the Laws of the United States of America, Not in Its Individual Capacity But Solely in its Capacity as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C6 ("Secured Creditor" or "Lender"), by and through its counsel, Snell & Wilmer L.L.P., hereby submits this *Motion to Disallow TJP Credit, LLC and Desert Lakes Apartments, LLC to Vote on Plan of Reorganization* ("Motion") in the above-captioned Chapter 11 bankruptcy case of TJ Plaza, LLC ("TJ Plaza") and DSWC, Inc. ("DSWC" and with TJ Plaza, the "Debtors").

This Motion is supported by the following Memorandum of Points and Authorities, the *Declaration of Melisa Vis in Support of Secured Creditor's Opposition to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 361, 363, 364, and 506, and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure for Entry of Interim and Final Orders (A)(I) Authorizing the Use of Cash, Including Cash Collateral, and (II) Granting Related Relief, and (B) Scheduling a Final Hearing* [Docket No. 39] (the "Declaration") filed in support hereof, the pleadings and papers on file herein and any oral argument the Court may entertain

DATED this 25th day of August 2014.

SNELL & WILMER L.L.P.

By: *Blakeley E. Griffith*
Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for U.S. BANK NATIONAL ASSOCIATION, a National Banking Association Organized and Existing under the Laws of the United States of America, Not in Its Individual Capacity But Solely in its Capacity as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C6*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Debtors' Plan provides that TJP Credit, LLC ("TJP Credit") and Desert Lakes Apartments, LP ("Desert Lakes" and together with TJP Credit, the "Insider Creditors") are impaired creditors entitled to vote under the Plan. However, Debtors forget that pursuant to 11 U.S.C. § 1129(a)(10), a class containing an insider claim is not considered as an accepting class for the purposes of plan confirmation. TJP Credit and Desert Lakes are controlled by the same people that control the Debtors. All of these parties are clearly tied together and their closeness is impossible to ignore. As will be shown below, these are not arms-length creditors and/or as required under the bankruptcy code, and as such they are not entitled to vote on a plan of reorganization.

## II.  BACKGROUND

The relevant facts and background are set forth in Lender's *Objection to [Proposed] Disclosure Statement to Accompany Debtors' Joint Chapter 11 Plan of Reorganization* (the "Objection"). Rather than repeat those facts here, the Lender simply reiterates certain key facts regarding the Insider Creditors. Debtors are tenants in common and both are managed and controlled by Jeffrey Susa, the designated responsible person in the bankruptcy cases. *See Order Granting Motion to Designate Jeffrey Susa as Designated Responsible Person* [Docket No. 43 in TJ Plaza, LLC, bankruptcy case no. 14-11894-abl] and *Order Granting Motion to Designate Jeffrey Susa as Designated Responsible Person* [Docket No. 43 in DSWC, Inc., bankruptcy case no. 14-11895-abl]. Susa is also the managing member of LJM, LLC, which is the manager of TJP, LP, the owner of Debtor TJ Plaza. *Id.* Debtor DSWC is owned by Ditta Weiner Corets, as the Trustee of the Weiner Family Trust; however, DSWC is also operated and controlled by Susa pursuant to a management contract between TJP, LP, Weiner Family Trust, and S&S Development.[1] *See* Joint Ownership and Management Agreement, attached hereto as **Exhibit 1**.

---

[1] S&S Development was the previous manager of the Property. Its duties have been assumed by another Susa entity, Real Estate Asset Management. *See* Omnibus Declaration of Jeffrey. S. Susa [Docket No. 19] ("Susa Declaration") at ¶ 9.

A chart detailing the ownership structure for the Property and Debtors is attached hereto as **Exhibit 2**.[2]

Pre-petition, the Debtors allegedly received loans from TJP Credit, LLC ("TJP Credit") and Desert Lakes Apartments, LLC ("Desert Lakes" and collectively with TJP Credit, the "Insider Creditors"). *See* "Straight Note" between TJP, LP and Desert Lakes, (the "Desert Lakes Note"), attached hereto as **Exhibit 3**, and "Unsecured Note" between TJP, LP and TJP, Credit (the "TJP Credit Note"), attached hereto as **Exhibit 4**. Just a basic review of these notes show that the obligors under each are not the Debtors.[3]

A. **The Interrelatedness of TJP, LP and the Insider Creditors.**

TJP, LP is the owner of Debtor TJ Plaza. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Partners' Allocation Percentages for TJP, LP, attached hereto as **Exhibit 5**.

Desert Lakes is owned by many of the same individuals who own Insider TJP Credit. The Members of TJP Credit consist of: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Operating Agreement of TJP Credit, LLC, a true and correct copy is attached hereto as **Exhibit 6**.

---

[2] This chart was created and provided by the Debtors.
[3] The loans were actually made to TJP, LP, the owner of TJ Plaza. It is not clear why the Debtors are obligated on these loans. This is discussed in greater detail in *Lender's Objection to Claim of TJP Credit, LLC and Desert Lakes Apartments, LLC* [Docket No 137]. While the Lender refers to them as creditors in this Motion, the Lender does not agree that they are valid creditors and reserves its rights to contest their creditor status.
[4] The members also consists of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ in TJP Credit.

- 4 -

TJP Credit's members are absent from TJP, LP's list of limited partners. *See generally* Exhibit 5. However, members that control an ▇ interest in Insider TJP Credit are also listed as limited partners with Desert Lakes, the 28% limited partner of TJP, LP. *See* Partners' Allocation Percentages for Desert Lakes Apartments, LP, a true and correct copy is attached hereto as **Exhibit 7**; *see also* Exhibit 5. Thus, the members that control Insider TJP Credit are partners of Desert Lakes, which controls TJP, LP, the owner of the Debtors. *See* Exhibits 5-7. As the below chart details, all of these entities are closely tied to one another with Susa being the common thread with the same ultimate owners of each.



### B. The Interrelatedness of Susa with Virtually all Relevant Parties.

Susa has managed and controlled Debtor DSWC, Debtor TJ Plaza, TJP, LP, Insider Desert Lakes, and Insider TJP Credit.[5] *Susa Declaration* at ¶¶ 2 &7 ("I am the managing member of Real Estate Asset Management, LLC, a Nevada limited liability company ("RAM"), which is the real estate management and leasing company that performs such services for Debtors.") (". . . LJM is the general partner of TJP. LJM has various managing members . . . including myself."); *Deposition Transcript of Jeffrey Susa taken on June 19, 2014* ("Susa Transcript No. 1"); relevant excerpts are attached hereto as **Exhibit 8** at p. 6, lines 1-17; *Deposition Transcript of Jeffrey Susa taken on July 15, 2014* ("Susa Transcript No. 2"); relevant excerpts are attached hereto as **Exhibit 9** at pp. 11-12, lines 24-25, 1-2& at p. 30, lines 5-6. (Q: Is it fair to say that as far as any decision goes operationally with regard to the Desert Lakes GP, LLC and/or the Desert Lakes Apartments Limited Partnership that those decisions are made by you? A: Yes.) (Q: And you control TJP Credit, LLC correct? A: Correct."). Susa signed the Debtors' statements and schedules in his capacity as manager of LJM. *See* Voluntary Petitions, [Docket No. 1] in bankruptcy case No's. 14-11894-abl and 14-11895-abl. The addresses for Desert Lakes, TJ Plaza, TJP Credit, DSWC, and Susa are the same; *See* also Printout of Secretary of State Entity Details for TJP Credit and Desert Lakes, attached as **Exhibit 10**. For practical purposes, the people who own the Debtors are essentially increasing their share in the Debtors.[6]

### C. The Insider Creditors' Favorable Treatment Under the Plan.

The treatment of these Insider Claims in the Debtors' Plan and Disclosure Statement as discussed more fully in Lender's Disclosure Statement Objection displays the insider nature that

---

[5] Susa attended and was the person most knowledgeable for all four entities. *See* Susa Transcript No. 1 and Susa Transcript No. 2.

[6] Indeed, when asked whether there were any plans for a capital infusion by the owners, Mr. Susa responded, "we just did a remodel of the center, so we don't see the need for it at this time." *Deposition Transcript No. 1*, at p. 29, lines 19-22.

these are not arm-length transactions. The Plan provides that both Insider Claims will receive interest-only payments for three years at the "contract rate." Disclosure Statement, at p. 8. The Disclosure Statement does not disclose that the "contract rate" is the shockingly high contract rate of twelve percent (12%). *See* Desert Lakes Note; TJP Credit Note. After a three-year term, the Insider Claims will be paid in full. *Id.*

### III.    ARGUMENT

Insiders Creditors (Desert Lakes and TJP Credit) are not entitled to vote on any plan put forward by the Debtors. 11 U.S.C. § 1129(a)(10) provides: "The court shall confirm a plan only if all of the following requirements are met: . . . . (10) If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." (emphasis added).

**A. Desert Lakes is a Statutory Insider of Debtor TJ Plaza and is NOT entitled to vote on the Plan.**

Desert Lakes is a statutory insider of Debtor TJ Plaza. The term insider is defined in § 101(31) of the Bankruptcy Code as:

> The term "insider" includes—...
> (B) if the debtor is a corporation—
> (i) director of the debtor;
> (ii) officer of the debtor;
> (iii) person in control of the debtor;
> (iv) partnership in which the debtor is a general partner;
> (v) general partner of the debtor; or
> (vi) relative of a general partner, director, officer, or person in control of the debtor; ...
> (E) affiliate, or insider of an affiliate as if such affiliate were the debtor; and
> (F) managing agent of the debtor.

Desert Lakes is not a director, officer, person in control of, general partner of, relative of or managing agent of the Debtors.[7] The analysis then turns to whether Desert Lakes is "an affiliate or insider of an affiliate as if such affiliate were the debtor." 11 U.S.C. § 101(31)(E).

---

[7] While Lender does not contest that Desert Lakes the entity is not a director, officer, person in control of, general partner, relative of, or managing agent of the Debtors, the Lender maintains that Susa does occupy these insider roles for both Debtors and for Desert Lakes.

An affiliate is defined as "an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." 11 U.S.C. § 101(2)(A). TJP, LP, the 100% owner of Debtor TJ Plaza, is obviously an insider of the Debtor TJ Plaza as it is the sole owner and controller of TJ Plaza. *Exhibit 1.* TJP, LP fits within the statutory definition of an affiliate of the Debtor.

The next question is whether Desert Lakes is an insider of TJP, LP such that it can be held to be an insider of the Debtor TJ Plaza. Section 101(31)(E) deems an "insider of an affiliate" to be an insider "as if such affiliate were the debtor." Desert Lakes owns more than twenty percent of TJP, LP, making it an affiliate of TJP, LP and therefore an insider of Debtor TJ Plaza. *See* Exhibit 5.

Once an entity falls within a statutory definition of insider, the inquiry ends. *Venn v. Purcell (In re Winn),* 127 B.R. 697, 699 (Bankr.N.D.Fla.1991); *see also Zakroff v. Markson (In re Ribcke),* 64 B.R. 663, 666 (Bankr.D.Md.1986) ("the statutory definition [of insiders] may be expanded by a factual presentation but never contracted."). Having determined that Desert Lakes is an insider of the affiliate TJP, LP, Desert Lakes is presumptively an insider of Debtor TJ Plaza pursuant to § 101(31)(E).

**B. TJP Credit and Desert Lakes Are Non-Statutory Insiders of Both Debtors.**

Both of the Insider Creditors qualify as non-statutory insiders of the Debtors here. The statutory list of insiders is not exclusive. *See* 11 U.S.C. § 101(31) ("The term insider includes ...."); § 102(3) (explaining that, when used in the Code, the term "includes" is not limiting); *In re Bonner Mall P'ship,* 2 F.3d 899, 912 (9th Cir.1993); *Miller Ave. Prof'l & Promotional Servs v. Brady (In re Enterprise Acquisition Partners, Inc.),* 319 B.R. 626, 631 (B.A.P. 9th Cir. 2004) ("The definition of 'insider' in 11 U.S.C. § 101(31) is not limiting: the use of the word 'includes' is indicative of Congress's intent not to limit the classification of insiders to the statutory definition.").

In other words, a person could be deemed an insider even if he did not fall into one of the classifications listed in the statute. These parties are often referred to as "non-statutory insiders."

*In re Friedman,* 126 B.R. 63, 70 (B.A.P. 9th Cir. 1991). This category includes those individuals or entities whose business or professional relationship with the debtor "compels the conclusion that the individual or entity has a relationship with the debtor, close enough to gain an advantage attributable simply to affinity rather than to the course of business dealings between the parties." *Id.* Put another way, a non-statutory insider is one "who has a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms-length with the debtor." *Id.* (quoting S.Rep. No. 95–989, 95th Cong., 2nd Sess. 25 (1978) and H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 312 (1977), *reprinted in* U.S.Code Cong. & Admin. News, 1978, pp. 5787, 5810, 6269). It is well-established that the term "insider" should be applied flexibly to include a broad range of parties who have a close relationship with the Debtor. *See, e.g., In re Missionary Baptist Foundation of America, Inc.,* 712 F.2d 206, 209–11 (5th Cir.1983); and *In re Acme–Dunham, Inc.,* 50 B.R. 734, 739 (D.Me.1985). *In re Orsa Associates, Inc.,* 99 B.R. 609, 621 (Bankr.E.D.Pa.1989)

In determining whether a creditor qualifies as a non-statutory insider, courts look at the closeness of the parties, and the degree to which the creditor is able to exert control or influence over the debtor. *In re Entm't Acquisition Partners, Inc. .,* 319 B.R. at 626; *Miller v. Schuman (In re Schuman),* 81 B.R. 583, 586 (9th Cir. B.A.P. 1987). The primary test of a non-statutory insider is whether the creditor "exercises such control or influence over the debtor as to render their transaction not arms-length." *Id.* In the context of debtor-creditor relations, "[a]n arms-length transaction is '[a] transaction in good faith in the ordinary course of business by parties with independent interests.... The standard under which unrelated parties, each acting in his or her own best interest, would carry out a particular transaction.'"*Anstine v. Carl Zeiss Meditec AG (In re U.S. Medical, Inc.),* 531 F.3d 1272, 1277 n. 4 (10th Cir.2008) (quoting Black's Law Dictionary 109 (6th ed.1990)).

First, TJP Credit easily qualifies as a non-statutory insider of Debtor TJ Plaza. As shown in the above chart, the members of TJP Credit are also partners of Desert Lakes. *See* Exhibits 6 & 7. Desert Lakes is a limited partner with TJP, LP, which is the owner of Debtor TJ Plaza. *See*

Exhibit 5. This relationship alone subjects TJP Credit to close scrutiny as the owners of TJP, LP are, for all intents and purposes, the owners of Debtor TJ Plaza. The parties that are in control of TJP Credit are also in control of the Debtor through their ownership of TJP, LP. Susa has testified that Debtor TJ Plaza is a shell entity and is managed directly through TJP, LP.[8] *Susa Transcript No. 2*, at p. 19, lines 1-6. ("[TJ Plaza] was more of a set up as a pass-through entity.").

In essence, the members of TJP Credit are providing an equity infusion into TJP, LP, in which they have an interest. It is disingenuous for these members to characterize themselves as disinterested creditors in the Disclosure Statement when they are so clearly not. This is apparent in light of how these "loans" were made. According to Susa, he had a meeting with the partners and advised them that $650,000 would be needed to be raised for improvements to the Property. *See Susa Transcript No. 1*, at p. 64, lines 7-21. This is described in a letter dated January 18, 2011 from counsel for Debtors to the "Prospective Members of TJP Credit, LLC" (the "TJP Credit Letter"). A true and correct copy is attached hereto as **Exhibit 11**. The TJP Credit Letter provides as follows:

> As limited partners, all were approached by Mr. Susa and advised that $650,000 would need to be raised in order to perform the proposed improvements at the Plaza. Because not all the partners were able or willing to provide additional capital contributions to fund this project, the alternative was to have those partners interested invest in a holding company that would loan the $650,000 to the project.

This "loan" originated from a partners meeting with the partners from TJP, LP. Indeed, when asked whether there were any plans for a capital infusion by the owners, Susa responded, "we just did a remodel of the center, so we don't see the need for it at this time." *Deposition Transcript No. 1*, at p. 29, lines 19-22.

---

[8] Indeed, the TJP Credit Note and the Desert Lakes Note do not even list the Debtors as the borrowers. Instead, TJP, LP is listed as the borrower on both Notes. There is a general principal of contract law "so fundamental that it rarely receives mention in case law or commentary, namely, that only parties to contracts are liable for their breach." *Liu v. JHK Inv. Group*, 2011 WL 9527520 (Nev. 2011) quoting *FCM Group, Inc. v. Miller*, 17 A.3d 40, 54 (Conn. 2011). The Debtors do not provide any explanation in the Disclosure Statement as to why the Debtors are obligated on these loans. Lender has filed Objections to the Claim of TJP Credit and Desert Lakes which discuss this issue.

Even if this intertwined relationship did not exist between the members of TJP Credit and Debtor TJ Plaza, the creditors are also insiders based on their relationship with Susa. Susa, in his role as managing agent for the Debtors, is an obvious insider of the Debtors, and also controls both Insider Creditors.[9] In fact, Susa manages and controls all the entities at issue here: Debtor DSWC, Debtor TJ Plaza, TJP, LP, Insider Desert Lakes, and Insider TJP Credit.[10] As a result of Susa's involvement in all these entities, the Insider Creditors, acting through Susa, can exert total control over the Debtor. Indeed, in his role as manager for TJP Credit, the Operating Agreement in Section 6.1 provides as follows: "███████████████████████████████████████████████████████████████████████████████████." *Exhibit 7*, at p. 11. This is directly conflicted with his role as responsible persons for the Debtors. As debtors in possession, the Debtors have a fiduciary obligation to creditors of the bankruptcy estate, not to individual members of the limited liability company. *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839F.2d 610, 614 (9th Cir. 1988) ("[Debtor's] failure to notice his creditors of the $1 million in a timely fashion is troubling because [Debtor] is not an ordinary litigant. As debtor in possession he is the trustee of his own estate and therefore stands in a fiduciary relationship to his creditors."). Here, Susa as responsible person for the Debtors has fiduciary duties to all of Debtors' creditors. This role is confused by his role as manager of TJP Credit and Desert Lakes.[11] The closeness of the parties is impossible to ignore. These are not arms-length creditors as required under the bankruptcy code. This is further evidenced through the favorable terms provided to these Insider Creditors under the Plan.

---

[9] LJM, LLC is the managing agent for TJP, LP. *Exhibit 1*. Susa is the managing member of LJM, LLC. *Id*.

[10] *See supra* "The Interrelatedness of Susa with Virtually all Relevant Parties," at Section II(B).

[11] This is not the first time that Susa has been in a conflicting situation as a debtor in possession in a bankruptcy proceeding. *See generally Order on Motion for: (1) Relief from the Automatic Stay to Allow City National Bank to Seek a Garnishment Judgment Against Debtor: (2) Allowance of Administrative Claim Against Debtor; and (3) Estimation of Claim Against Debtor* [Docket No. 148] entered in *In re CBS I, LLC*, Case No. 12-16833-mkn, a copy is attached as **Exhibit 12** (finding that Susa was "hopelessly conflicted" with respect to a writ of garnishment that was served on the debtor due to his personal involvement at different levels of the debtor.) In *CBS I*, Judge Nakagawa determined that Susa had exposed the estate to an administrative claim by directing the debtor to ignore a writ of garnishment for his own benefit.

The interest rate provided to the Insider Claims is a shockingly high rate of twelve percent (12%) with only a three year term before the Insider Claims are paid in full.[12]

Put simply, it is outrageous that the Debtors' Disclosure Statement allows for these Insider Creditors to vote under the Plan. As such, Lender respectfully requests that the Court determine that TJP Credit and Desert Lakes are insiders and not entitled to vote under any plan of reorganization put forward by Debtors.

## IV.   CONCLUSION

Based on the foregoing, Lender respectfully requests that the Court determine that neither TJP Credit or Desert Lakes be allowed as the accepting class for any plan of reorganization put forward by the Debtors.

DATED this 25th day of August 2014.

SNELL & WILMER L.L.P.

By: /s/ Blakeley Griffith
Robert R. Kinas (NV Bar No. 6019)
Blakeley E. Griffith (NV Bar No. 12386)
Charles E. Gianelloni (NV Bar No. 12747)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
*Attorneys for U.S. BANK NATIONAL ASSOCIATION, a National Banking Association Organized and Existing under the Laws of the United States of America, Not in Its Individual Capacity But Solely in its Capacity as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2003-C6*

---

[12] This interest rate makes sense in light of Mr. Susa's obligation to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Exhibit 7*

- 12 -

# EXHIBITS 1 – 12 REDACTED